THE STATE OF OHIO, APPELLEE, *v.* DIEPHAUS, APPELLANT.

(No. C-880399—Decided
December 20, 1989.)

*Richard A. Castellini,* city
solicitor, *Terrence R. Cosgrove,* city
prosecutor, and *William L. Mallory,
Jr.,* for appellee.

*Merlyn D. Shiverdecker,* for appellant.

*Per Curiam.* In this appeal, the defendant-appellant, Donald Diephaus, seeks for a second time to challenge the legal sufficiency of the evidentiary fundament relied upon by a judge of the Hamilton County Municipal Court to convict him of receiving stolen property in violation of R.C. 2913.51. In an earlier appeal, we reversed the judgment of conviction that resulted from a plea of no contest, holding that certain procedural irregularities had worked, contrary to the intentions of all those involved in the prosecution below, to foreclose meaningful appellate review of what had become the pivotal issue in the case: whether the property that Diephaus had allegedly received could, in a legal sense, be considered stolen. *State* v. *Diephaus* (May 4, 1988), Hamilton App. No. C-870141, unreported. On remand, those irregularities identified in our decision were overcome when Diephaus elected to proceed upon a plea of not guilty and to have the charge against him resolved, by stipulation, on the basis of evidence that had already been presented to the court in connection with several pretrial motions. We now reverse the conviction that has stemmed from the proceedings held on remand and discharge Diephaus from further prosecution on the charge of receiving stolen property.

The material facts underpinning the challenged conviction are themselves not in dispute. According to the record, there is no question that Diephaus agreed to purchase, and did in fact receive, from an individual who had been persuaded to work as an informant in concert with police officers, several cartons of cigarettes, including one that the informant had been caught shoplifting from a grocery store located in a suburban area near the city of Cincinnati. The shoplifted carton, which was the one piece of evidence essential to the success of the prosecution below, had been recovered on behalf of its rightful owner by a store security guard when the informant was apprehended at the scene of the shoplifting offense. From that location, the guard took the carton, along with the informant, to a police station house in Cincinnati, where a Cincinnati police officer devised a plan that called for the informant to sell cigarettes, as part of a "sting" operation, to various individuals who were suspected of black-market dealings in stolen goods. The shoplifted carton then remained directly under the control of the Cincinnati officer for some four hours until it was ultimately removed from the trunk of a car and delivered to Die-

phaus, among a quantity of cigarettes purchased for $4 per carton, at a drinking establishment known as the Good Luck Cafe.

In the only assignment of error given to us for review, Diephaus now asserts that his conviction must be held contrary to law on the basis of the following proposition:

"One cannot be convicted of Receiving Stolen Property when the owner of the property or his agent recovers and possesses said property before delivery to the intended receiver, because the property loses its identity as stolen property when recovered by the owner."

The proposition that Diephaus would have us adopt is essentially a restatement of the rule that prevailed under the common law to bar a conviction for receiving stolen property once the goods in question had been recovered by the owner or his recognized agent. See Annotation, Conviction of Receiving Stolen Property, or Related Offenses, Where Stolen Property Previously Placed Under Police Control (1989), 72 A.L.R. 4th 838, 840. That common-law bar has survived in the modern era, in one form or another, even where the statutory codification of the criminal law has not explicitly incorporated or referred to it, see, e.g., United States v. Johnson (C.A.8, 1985), 767 F. 2d 1259; United States v. Dove (C.A.4, 1980), 629 F. 2d 325; United States v. Monasterski (C.A.6, 1977), 567 F. 2d 677; and in our judgment, following a review of the various case authorities touching upon the subject, there is no persuasive reason for concluding that the bar has not similarly survived in Ohio, where the offense of receiving stolen property has been codified in R.C. 2913.51(A), without specific reference to what effect, if any, attends the recovery of the stolen goods.

In reaching this conclusion, we are aware that some courts, including one in this state, have attempted to create a distinction that would render the rule we have followed here inapplicable in cases where "police gain possession of stolen goods within a criminal scheme of which the defendant is a part and possess those goods [only] for a short period of time" before "they are transported to the defendant pursuant to the [same] criminal scheme." State v. Pyle (Dec. 30, 1983), Lake App. No. 9-237, unreported, at 10. To the extent that there may be some basis in law to support such a distinction, we are convinced that it cannot be invoked to save the conviction obtained against Diephaus for at least two reasons: (1) the extent of the actual possession and control of the stolen cigarettes asserted by the police here cannot, under the circumstances demonstrated in this record, be trivialized, either in degree or in duration; and (2) there is no evidence that the recovery of the cigarettes from the informant, and the ensuing transfer of the goods to the Cincinnati police, was, in any way, part of the criminal scheme under which the cigarettes were ultimately sold to Diephaus (as far as this record is concerned, the criminal scheme was plotted only after the cigarettes were recovered and the theft offense made known to the Cincinnati police).

Because the shoplifted carton of cigarettes was not stolen property at the time it was received by Diephaus, we hold that the evidence upon which the court below relied was legally insufficient to support a conviction under R.C. 2913.51. The assignment of error presented to us is, accordingly, well-taken, and we therefore reverse the judgment of the Hamilton County Municipal Court and order that the defendant-appellant be discharged from further prosecution.

*Judgment accordingly.*

DOAN, P.J., HILDEBRANDT and GORMAN, JJ., concur.